UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZAKEE SHAKIR,

              Plaintiff,

  v.

RAMONA BRANDES, et. al.,

              Defendants.

CASE NO. C19-551-RAJ

**REPORT AND RECOMMENDATION**

On April 11, 2019, plaintiff, a prisoner at the King County Jail, submitted a *pro se* civil rights complaint under 42 U.S.C. § 1983. Dkt. 1, 5. By separate order the Court granted plaintiff leave to proceed *in forma pauperis* (IFP). Dkt. 4.

The Court screens complaints filed by plaintiffs who are prisoners under 28 U.S.C. § 1915A (a). The statute directs a court to "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

The complaint in this case names as defendants Ramona Brandes, a Public Defender, and the Department of Public Defense, Northwest Defender's Division. Dkt. 5 at 2. Plaintiff alleges

REPORT AND RECOMMENDATION - 1

he was sentenced to serve 48 months in prison in King County case number 11-1-01693-1 SEA. *Id.* at 3. Plaintiff alleges Ms. Brandes, his past public defender, was negligent by allowing him to plead guilty to a crime that occurred on February 13, 2011, when no crime occurred on that date." *Id.* In support of this claim, plaintiff alleges the certificate of probable cause in his criminal case alleged he was arrested on February 14, 2011 "for being in possession of a firearm." *Id.* Plaintiff thus contends that when he was sentenced on July 29, 2011 on "gun charges" that occurred on February 13, 2011, he was sentenced for a crime that did not occur. Plaintiff also contends he did not realize his lawyer's negligence until 2019 "while dealing with" new criminal charges. *Id.* As relief, plaintiff seeks "24 million dollars," and requests the 2011 conviction be vacated and expunged from his criminal record. *Id*. at 4.

The Court has considered the complaint and concludes it is fatally deficient. In specific, the complaint seeks money damages and challenges a criminal conviction which still stands; it is therefore barred under *Heck v. Humphrey,* 512 U.S. 477 (1994). The complaint also alleges that plaintiff's public defender was negligent. This dos not state a claim upon which § 1983 relief may be granted. And finally, the complaint appears to be filed outside of the three-year statute of limitations and thus is time barred. Because there is at least one fatal deficiency that no amendment can cure, the Court recommends the complaint be dismissed with prejudice and without further leave to amend the complaint.

**DISCUSSION**

**A.    Section 1983 and Criminal Convictions**

Plaintiff requests as relief that the Court vacate and expunge his 2011 King County criminal convictions for weapons possession. A lawsuit brought under 42 U.S.C. § 1983 is not the proper legal mechanism to obtain such relief. Rather, a Writ of Habeas Corpus under 28

REPORT AND RECOMMENDATION - 2

U.S.C. § 2254 is the exclusive federal remedy for a state prisoner who request the invalidation of his conviction based on the claim that the conviction and sentence are unconstitutional. *See Young v. Kenny,* 907 F.2d 874, 876 (9th Cir. 1989). This rule is "rooted in considerations of federal-state comity," in which the federal courts must give the state courts the first opportunity to correct errors committed at the trial level on direct appeal or in post conviction proceedings. *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).

The Court notes plaintiff attached to his complaint an exhibit which consists of a copy of his criminal history as of June 22, 2017. The exhibit establishes that plaintiff sought post conviction relief of his 2011 convictions and that the state personal restraint petitions he filed challenging the convictions were dismissed in 2013. Given the time that has passed since the state court denied plaintiff's personal restraint petitions, it appears plaintiff is time barred from now seeking federal habeas relief. However, the fact plaintiff may be time barred from obtaining a federal habeas remedy does not permit him to seek relief under § 1983. Otherwise, the federal habeas statute of limitations and the requirement that a person first challenge his criminal convictions in the state courts would be rendered meaningless. For these reasons, the Court concludes plaintiff's claim that his 2011 criminal convictions are unconstitutional and should be expunged and vacated does not state a claim upon which such relief may be granted and the claim should be dismissed.

**B.    *Heck* Bar**

In addition to requesting the Court vacate his 2011 criminal convictions, plaintiff seeks 24 million dollars in damages. In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove the conviction or sentence

REPORT AND RECOMMENDATION - 3

has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. at 486-87.

Here, the complaint does not allege plaintiff's 2011 convictions for weapons possession have been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. To the contrary, the complaint indicates plaintiff pleaded guilty and served his sentence. The exhibit attached to the complaint also indicates the 2011 convictions are still standing and that the state court dismissed plaintiff's personal restraint petition regarding these convictions in 2013. And finally, the complaint requests as relief that the court vacate the 2011 criminal convictions which clearly establish that the convictions still stand.

In short, plaintiff's § 1983 lawsuit challenges plaintiff's 2011 criminal convictions, requests the Court vacate these convictions and requests a multi-million dollar award of damages. The lawsuit is thus barred under *Heck v. Humphry* until and unless plaintiff can show his 2011 criminal convictions have been overturned through the appeals process or a habeas petition. *See Heck v. Humphrey*, 512 U.S. at 486–87. Under *Heck,* the complaint should be dismissed without prejudice.

**C.   State Actor Requirement**

To sustain a civil rights action under § 1983, plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused *by a person acting under color of state or federal law*. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (emphasis added). To have a valid §

1983 claim the defendant, must have acted under color of state law. *Gritchen v. Collier*, 254 F.3d 807, 812 (9th Cir. 2001).

Plaintiff sues Ms. Brandes, his former state public defender, but a state public defender performing traditional lawyer functions is not a state actor. *Polk County v. Dodson,* 454 U.S. 312, 324-25, (1981); *Miranda v. Clark County,* 319 F.3d 465, 468 (9th Cir. 2002). Here, plaintiff faults his public defender for allowing plaintiff to plead guilty to a crime he now claims occurred a day later. Plaintiff claims his public defender was negligent in her advice and representation. However, providing legal advice is a traditional lawyer function, and thus a § 1983 action cannot be brought against Ms. Brandes for the alleged negligent advice she provided plaintiff that led to his acceptance of a guilty plea deal. The civil rights claim against public defender Brandes should accordingly be dismissed with prejudice.

**D.     Statute of Limitations**

Plaintiff's § 1983 complaint also appears to barred by the statute of limitations. Because § 1983 does not contain a statute of limitations, federal courts apply the applicable state statute of limitations for the jurisdiction in which the claim arose. *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In Washington State, the three-year limitations period for any other injury to the person or rights of another contained in R.C.W. 4.16.080(2)" applies to § 1983 claims. *Id*.

Federal law determines when a § 1983 claim accrues. *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996); *see also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (quoting *Two Rivers*, 174 F.3d at 992). To determine when a claim accrues, the federal court thus focuses on the time period in which the complained of acts occurred, not on the time period in which the consequences of the acts

became most painful. *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir. 1979).

Here, plaintiff alleges his lawyer negligently advised him to plead guilty to a crime that occurred on February 13 when the crime he committed—weapons possession—was committed on February 14. These are facts plaintiff would have been aware of at the time he entered his guilty plea and was sentenced. Moreover, it appears plaintiff challenged his weapons convictions by filing a state personal restraint petition after his conviction, and which the courts ultimately denied in 2013. Because plaintiff pleaded guilty his personal restraint petition likely challenged the quality of the representation Ms. Brandes provided that led to the guilty plea in an effort to permit withdrawal of the guilty plea and or dismissal of the charges. These circumstances bolster the conclusion that plaintiff knew of or had reason to know of his lawyer's alleged negligence regarding his 2011 weapons convictions shortly after he was convicted and sentenced.

Further, although plaintiff claims he became aware of his public defender's negligence only in 2019, the exhibit he submitted shows his just recent concerns about his 2011 convictions are tied to its impact on his new criminal charges. The exhibit to the complaint plaintiff submitted is an Appendix to a Plea Agreement that lists his criminal history to include crimes occurring on "2-14-2011," a sentence of 48 months and dismissal of the personal restraint petition. But as noted above, the Court must focus on the time period in which the complained of acts occurred, not on the time period in which the consequences of the acts became most painful.

In sum, for the reasons above, the Court concludes plaintiff's claim that his lawyer's negligent performance in 2011 violated his constitutional rights is untimely and should be dismissed with prejudice.

REPORT AND RECOMMENDATION - 6

**CONCLUSION**

The complaint in this case contains multiple deficiencies, that cannot be cured through further amendment. Plaintiff challenges his 2011 guilty plea and criminal convictions for weapons possession alleging his public defender was negligent. Public defenders who give negligent advice are still performing traditional lawyer functions, albeit poorly. Under these circumstances the public defender is not considered a "state actor" and § 1983 relief is thus unavailable. Plaintiff seeks vacation of his criminal conviction. His sole remedy is a writ of habeas corpus, not a civil rights complaint. Plaintiff also seeks money damages. Because his criminal conviction still stands his civil rights action is *Heck* barred. And lastly the acts complained of occurred eight years ago. Plaintiff knew about the acts because he plead guilty to the weapons charges and then challenged his conviction by filing a state personal restraint petition which the state court dismissed in 2013.

Plaintiff is advised he may file objections to this Report and Recommendation, and that his objections are due no later than **April 30, 2019**. The Clerk should note the matter for **May 3, 2019**, as ready for the District Judge's consideration. Objections shall not exceed seven (7) pages. The failure to timely object may affect the right to appeal. The Clerk shall also provide a copy of this Report and Recommendation to plaintiff.

The Clerk shall also provide this order to plaintiff.

DATED this 16th day of April, 2019.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7